**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:17-CR-206-05 |
| | ) | |
| vs. | ) | **DEFENDANT XUAN CAHN** |
| | ) | **NGUYEN'S SENTENCING** |
| Xuan Cahn Nguyen, | ) | **MEMORANDUM** |
| a/k/a Jackie, a/k/a/ Jackie Chan, | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Xuan Cahn Nguyen, by and through his attorney, Alexander F. Reichert, submits this memorandum to address issues pertinent to sentencing in his case.

## FACTS

[¶ 1]  On September 21, 2017, a five-count Indictment was filed charging Mr. Nguyen and co-defendants with controlled substance offenses related to the conspiracy and distribution of controlled substance analogues resulting in serious bodily injury and death. On January 15, 2020, Mr. Nguyen was arrested in Canada; he was extradited to the United States on January 6, 2021 and has been in custody since. Mr. Nguyen pled guilty to Counts 1, 2, and 4 of the Superseding Indictment on May 31, 2022. A presentence investigation report was completed shortly thereafter. Mr. Nguyen accepts and agrees with the recitation of facts and offense conduct contained within the PSIR, with the exception that every overdose resulting in serious bodily injury and death was reasonably foreseeable as it relates to his conduct. Mr. Nguyen is set to come before this Court for sentencing on July 17, 2023. Given the unique circumstances as they relate to Mr. Nguyen, he is respectfully requesting the Court impose a sentence as outlined in his sentencing memorandum supplement.

## LAW GOVERNING SENTENCING

Sentencing Guidelines

[¶ 2]   On January 12, 2005, the United States Supreme Court held that the mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment to the United States Constitution. *See* United States v. Booker, 125 S. Ct. 738, 75-57 (2005). Under Booker, a defendant's constitutional rights are not violated when the Court considers the guidelines in an advisory basis, as opposed to being strictly bound by the guidelines. As a result, sentencing courts must calculate and consider the applicable guidelines range as one factor in determining the appropriate sentence. Id.

[¶ 3]   In United States v. Rita, 127 S. Ct. 2456 (2007), the Supreme Court examined the process used by the District Court during sentencing. The Court noted:

> The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines. He may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, … perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal resumption that the Guidelines sentence should apply.

Rita, 127 S. Ct. at 2456 (internal citations omitted.)

[¶ 4]   As the Court noted in Rita, this Court should engage in an analysis to determine any warranted departure from the guidelines. This Court must determine a sentence that is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." The District Court need not apply a presumption of reasonableness to the listed guidelines amount, but instead "must … consider every convicted person as an individual and every case as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 364 (Stevens, J., concurring) (quoting

Koon v. United States, 518 U.S. 81, 113 (1996)). Indeed, Mr. Nguyen is unique in his own right and asks this Court to view him as a person who can be a benefit to society, not just a convict, number, or statistic.

[¶ 5] Per the terms of the plea agreement, the government will recommend a sentence at the low end of the applicable Guideline range, or the minimum mandatory, whichever is greater and recommend Mr. Nguyen be ordered to pay restitution to be determined at sentencing. According to the Presentence Investigation Report (PSIR), the guideline provisions indicate a final offense level of 43 and a criminal history category of I, with a guideline imprisonment range of life.

## **ANALYSIS**

[¶ 6] The Defendant, Xuan Cahn Nguyen, respectfully requests this Court sentence him in accordance with his recommendation contained in his sentencing memorandum supplement filed together with this memorandum.

[¶ 7] In imposing a sentence, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). In determining a proper sentence, the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed education or vocational training, medical care, or other correction treatment in the most effective manner.

[¶ 8] District courts may determine the weight to give to the guidelines in any given case:

> The district court may determine on a case-by-case basis the relative weight to give the Guidelines in light of other 3553(a) factors. In some cases it may be appropriate to defer to the Guidelines; in others not.

United States v. Lazano, 490 F.3d 1317, 1324 (11th Cir. 2007). Specific characteristics of individual defendants, which district courts were once prohibited or discouraged from considered may now be considered. *See* Rita, *supra*, at 2473. Matters such as age, education, mental or emotional condition, and medical conditions, including drug or alcohol addiction are matters that § 3553(a) authorizes sentencing judges to consider. Id.

[¶ 9]  Any sentence imposed by this Court must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. However, as discussed throughout his supplement, this case is an appropriate one for the Court to exercise its discretion and impose a sentence below the guideline range, based upon the sentencing factors enumerated in 18 U.S.C. § 3553(a).

## CONCLUSION

[¶ 10]  For all the foregoing reasons the Defendant, Xuan Cahn Nguyen, respectfully requests the Court to sentence him as outlined in his sentencing memorandum supplement. Dated this 10th day of July, 2023.

**REICHERT LAW OFFICE**

**/s/Alexander F. Reichert**
_____
**ALEXANDER F. REICHERT**
**ND ID #05446**
118 Belmont Road
Grand Forks, ND 58201
Telephone: (701) 787-8802
supportstaff@reichertlaw.com